<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                                        )
ANTHONY B. PUE,                                         )
                                                        )
                              Plaintiff,                )
                                                        )
v.                                                      )          Civil Action No. 09-3471 (GEB)
                                                        )
NEW JERSEY TRANSIT; NEW JERSEY                          )
DIVISION OF WORKERS COMPENSATION,                       )          **MEMORANDUM OPINION**
                                                        )
                              Defendants.                )
_____               )

**<u>BROWN, Chief Judge</u>**

This matter comes before the Court upon a motion to dismiss filed by Defendant New

Jersey Transit and upon a motion to dismiss filed by Defendant New Jersey Division of Workers'

Compensation (collectively "Defendants").  (Doc. No. 4-4; Doc. No. 10-2.)  <u>Pro se</u> Plaintiff

Anthony B. Pue ("Plaintiff") has opposed both motions.  The Court has reviewed the parties'

submissions and decided the motion without oral argument pursuant to Federal Rule of Civil

Procedure 78.  For the reasons that follow, the Court will grant Defendants' motions and dismiss

Plaintiff's complaint.

**I.      BACKGROUND**

<u>Pro se</u> Plaintiff is an employee of New Jersey Transit Corporation. (Pl.'s Compl. 2; Doc.

No. 1.)[1]  He obtained a workers' compensation settlement in June of 2002 while employed by

_____

[1] The paragraphs in Plaintiff's complaint are not consistently numbered so all citations to
the complaint reference page numbers.

1

New Jersey Transit that entitled him to $516 per week. (Id.)  Plaintiff currently has another

workers' compensation matter before the Honorable Judge Renee C. Ricciardelli, J.W.C. (Id. at

4.)  This currently pending matter involves new injuries including cervical and neck pain,

anxiety, and depression. (Id. at 3, 4.)  Plaintiff seeks an increase in his compensation payments to

$655 per week. (Id. at 2.)  Judge Ricciardelli has ordered Plaintiff to appear in court several times

without reaching the main issues of the case—an increase in benefits for the treatment of his pain

and anxiety—and has not authorized the treatment by Plaintiff's private doctor. (Id. at 4.)

Rather, Plaintiff has been referred to Dr. Abrams, the employer's doctor, for treatment of his

neck and cervical pain, and he is receiving treatment for his anxiety and depression under his

private health insurance.  (Id. at 2, 4.)

In his complaint, filed on July 14, 2009, Plaintiff alleges violations of 42 U.S.C. § 1983

consisting of violations of his First, Fifth, Eighth, Ninth, and Fourteenth Amendment rights by

New Jersey Transit, the New Jersey Division of Workers' Compensation, and Judge Ricciardelli

although she is not listed as a defendant. (Id. at 1.)  Plaintiff also lists violations of 42 U.S.C. §

7622, 33 U.S.C. § 495, 33 U.S.C. 519, 5 U.S.C. 8128, 15 U.S.C. § 78(u), 42 U.S.C. § 293(a), and

28 U.S.C. § 1441.  (Id.)  It also appears from the complaint that Plaintiff seeks a writ of

mandamus to compel the worker's compensation court to provide him an increase in weekly

rates in addition to his request for monetary damages.  (Id. at 4, 5.)  Plaintiff claims he is entitled

to treatment of his current ailments with an increase in weekly benefits for injuries sustained after

his previous workers' compensation settlement.  (Id. at 2.)  He further states that, because he is

receiving weekly payments based on 1998 workers' compensation rates, he has suffered financial

detriment just over $47,000 – including falling behind in his mortgage payment, water and

utilities bills, cable bill, cell phone bill, and car payments.  (Id. at 2-3.)  Plaintiff further alleges

damages arising from numerous medical bills, emotional distress, and he requests punitive

damages. (Id. at 3.)

Defendants have moved to dismiss Plaintiff's complaint for failure to state a claim

pursuant to Federal Rule of Civil Procedure 12(b)(6).  The New Jersey Division of Workers'

Compensation submitted a brief in support of its motion on August 17, 2009, and New Jersey

Transit submitted a brief in support of its motion on October 5, 2009. (Doc. No. 4-4; Doc. No.

10-2).  Plaintiff filed a brief in opposition to the motion on August 24, 2009. (Doc. No. 6.)

Defendant New Jersey Transit filed a reply brief on October 16, 2009. (Doc. No. 12.)


## II.   DISCUSSION

### A.   Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only

if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light

most favorable to the plaintiff, a court finds that the plaintiff has failed to set forth fair notice of

what the claim is and the grounds upon which it rests.  Bell Atlantic Corp. v. Twombly, 550 U.S.

544, 555 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint will survive a

motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible

on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 570).

The plausibility standard requires that "the plaintiff plead[] factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged" and

demands "more than a sheer possibility that a defendant has acted unlawfully."  Id. (citing

Twombly, 550 U.S. at 556).  Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Id. (citing Twombly, 550 U.S. at 555); see also Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008).  In evaluating a motion to dismiss, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents.  See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

In the present case, Plaintiff appears pro se.  As such, the Court must apply a more liberal standard of review to Plaintiff's claims.  Haines v. Kerner, 404 U.S. 519, 520 (1972);  see also United States ex. rel Montgomery v. Brierley, 414 F.2d 552 (3d Cir. 1969) (stating that pro se petitions should be liberally construed); Wade v. Yeager, 377 F.2d 841, 846 (3d Cir. 1967) (recognizing that a petition made without the benefit of counsel must be read with a measure of tolerance).

**B.    Section 1983 Claim**

Congress provided a federal forum for individuals to file actions for deprivation of civil rights through 42 U.S.C. § 1983.  This section states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983 (2006).

In order to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.[2]  Baker v. McCollan, 443 U.S. 137, 140 (1979);  West v. Atkins, 487 U.S. 42, 48 (1988);  Piecknick v. Pennsylvania, 36 F.3d 1250, 1255–56 (3d Cir. 1994).

In this case, Plaintiff has made facial allegations of violations of his First, Fifth, Eighth, Ninth, and Fourteenth Amendment rights but has provided no factual allegations whatsoever. Even under a liberal standard of review afforded to pro se Plaintiff, he has submitted no factual content from which any reasonable inference may be drawn.  The complaint merely states that he "brings this suit pursuant to Title 42 U.S. Code Sec. 1983, for violations of certain protections guaranteed to him by the First, Fifth, Eight, Ninth and Fourteenth Amendments of the federal Constitution . . . ." (Pl.'s Compl. 1; Doc. No. 1.)  The complaint contains no factual allegation relating to freedom of speech or religion, due process, excessive fines or cruel or unusual punishment, expansion of federal government limiting individual rights, or violations of equal protection.  Plaintiff instead offers only labels and conclusions not sufficient under the standards set forth in Twombly or Iqbal.[3]

---

[2] The Court does not reach the issue of sovereign immunity under the Eleventh Amendment as Plaintiff's claim under § 1983 does not state a violation of his federal rights.

[3] Furthermore, Plaintiff alleges violations of 42 U.S.C. § 7622, 33 U.S.C. § 495, 33 U.S.C. 519, 5 U.S.C. 8128, 15 U.S.C. § 78(u), 42 U.S.C. § 293(a), and 28 U.S.C. § 1441.  (Pl.s' Compl. 1; Doc. No. 1.)  Here, too, Plaintiff does not offer any factual support for this claim. He merely offers a list of statutes and a legal conclusion that each of the named statutes were violated. Therefore, the Court will dismiss Plaintiff's complaint with respect to these claims.

As a final consideration, Plaintiff's complaint lodges a § 1983 claim against New Jersey Transit.  Assuming arguendo that New Jersey Transit is susceptible to a § 1983 suit under any set of facts, Plaintiff's present claim is barred by the New Jersey Workers' Compensation law that provides the exclusive remedy through which Plaintiff can recover for any work-related injuries. N.J. Stat. Ann. § 34:15-8 (2010); see also Danek v. Hommer, 9 N.J. 56, 59 (1952) (holding that "the act was a complete substitute for the previous common law rights of recovery").  Therefore, in sum, the Court will dismiss Plaintiff's § 1983 claim in its entirety.

### C.      Writ of Mandamus to Compel Workers' Compensation Court to Order an Increase in Weekly Payments

Section 1361 of Title 28 of the United States Code provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.  However, federal courts have no jurisdiction in a mandamus action to compel action by state officials.  See, e.g., Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988);  Lamar v. 118th Judicial Dist. Court, 440 F.2d 383 (5th Cir 1971);  Haggard v. Tennessee, 421 F.2d 1384, 1386 (6th Cir. 1970).  Plaintiff seeks a writ of mandamus to compel Judge Ricciardelli and the New Jersey Workers' Compensation Court to grant him an increase in weekly compensation for injuries arising out of his employment with New Jersey Transit. Therefore, this Court will deny Plaintiff's motion for a writ of mandamus.

Nor does the All Writs Act, 28 U.S.C. § 1651(a), permit this Court to interfere with the New Jersey Workers' Compensation proceeding.  This section permits federal courts to "issue all

writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a) (2006). In Diggs & Keith v. Wolcott, the Supreme Court held that federal courts may not enjoin proceedings in state courts. 8 U.S. (4 Cranch) 179, 180 (1807). Section 1651 permits federal courts to issue writs of mandamus only where such action is in aid of its own jurisdiction, but it does not grant jurisdiction to issue a writ of mandamus to compel a state judge to act in matters pending before state court. See, e.g., In re Grand Jury Proceedings, 654 F.2d 268, 278 (3d Cir. 1981), cert. denied, 454 U.S. 1098 (1981); In re Cambell, 264 F.3d 730, 731 (7th Cir. 2001). This is the thrust of Plaintiff's complaint; he asks this Court to compel Judge Ricciardelli to grant him an increase in workers' compensation payments. Thus, this Court will deny Plaintiff's request for writ of mandamus.

## III.   CONCLUSION

For the reasons above, the Court will dismiss Plaintiff's complaint for failure to state a claim.[4] An appropriate form of order is filed herewith.

Dated: March 24, 2010

       s/ Garrett E. Brown, Jr.
       GARRETT E. BROWN, JR., U.S.D.J.

---

[4]   Because all of Plaintiff's claims fail as a matter of law, the Court need not consider the Younger abstention doctrine as argued by Defendants.